538 P.2d 1163

**The STATE of Arizona, Appellee,**

v.

**Glen VONDOHLEN, Appellant,**

**No. 2 CA–CR 6I9.**

Court of Appeals of Arizona, Division 2.

Aug. 11, 1975.

Rehearing Denied Sept. 17, 1975.

Review Denied Oct. 21, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Thomas A. Jacobs, Asst. Attys. Gen., Phoenix, for appellee.

James F. Crane, Tucson, for appellant.

## OPINION

KRUCKER, Judge.

Appellant seeks reversal of his sentence for conviction of armed robbery with a gun on two grounds: (1) the trial court's interpretation of A.R.S. § 13–643, as amended, was erroneous, and (2) the foregoing statute is void for vagueness. A.R.S. § 13–643 at the time of appellant's sentencing read:

"§ 13–643. Punishment

A. Robbery shall be punished by imprisonment in the state prison for not less than five years.

B. Robbery committed by a person armed with a gun or deadly weapon is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case, except for a first offense committed by a person armed with a deadly weapon other than a gun, shall the person convicted be eligible for sus-

pension or commutation of sentence, probation, pardon or parole until such person has served the minimum sentence imposed.

C. Any person convicted of robbery armed with a gun or deadly weapon who is placed on probation in accordance with the terms of this section shall upon sentencing, be committed to the department of corrections for a period of not less than thirty days. As amended Laws 1967, Ch. 62, § 10; Laws 1974, Ch. 144, § 3."

Appellant pleaded guilty to and was convicted of robbery while armed with a gun, which was his first offense. The sentencing court concluded that under A.R.S. § 13–643(B), probation was not available. Appellant's argument, however, was that the language of subsection B is in conflict with the language of subsection C since the latter section refers to "any person convicted of robbery armed with a gun or deadly weapon who is placed on probation." This, he maintains, is an irreconcilable conflict and therefore the sentencing court should have considered probation as a sentencing alternative. We do not agree.

In interpreting statutes, courts will look to the intent of the legislature and consider the context of the statute, the language used, the subject matter, the effects and consequences, and the spirit and purpose of the law. *Sellinger v. Freeway Mobile Home Sales, Inc.,* 110 Ariz. 573, 521 P.2d 1119 (1974). While at first blush it would appear that the use of the words "armed with a gun . . . who is placed on probation" in subsection C conflicts with the language of subsection B prohibiting probation, the additional words "in accordance with the terms of this section" serve to refer one back to subsection B. Reading the statute as a whole, we find a legislative intent that any person convicted of robbery while armed with a gun be incarcerated for a prescribed period of time. The trial court's construction of

the statute was correct since in construing it as it did, the duty to harmonize apparently inconsistent provisions within the same statute was achieved. At its first regular session this year, the 32nd legislature altered the language of A.R.S. § 13–643(C) to read:

"Any person convicted of robbery armed with a deadly weapon other than a gun who is placed on probation in accordance with the terms of this section shall upon sentencing, be committed to the department of corrections for a period of not less than thirty days." A.R.S. Legislative Service 1975, at 54.

■ While subsequent legislation clarifying a statute is not necessarily controlling on a court, it is strongly indicative of the legislature's original intent. *Police Pension Board of City of Phoenix v. Warren*, 97 Ariz. 180, 398 P.2d 892 (1965). In *City of Mesa v. Killingsworth*, 96 Ariz. 290, 394 P.2d 410 (1964), it was stated:

"An amendment which, in effect, construes and clarifies a prior statute will be accepted as the legislative declaration of the original act." 96 Ariz. at 297, 394 P.2d at 414.

We believe the 1975 legislative clarification reflects the legislative intent behind the 1974 amendment to A.R.S. § 13–643.

Appellant also contends that since there is an irreconcilable conflict between subsection B and subsection C of A.R.S. § 13–643, the statute suffers from "vagueness" and therefore is unconstitutional. Whether or not a punishment statute falls within the "void for vagueness" doctrine, *see, State v. Ferris*, 80 N.M. 663, 459 P.2d 462 (1969), is a question we need not decide since, contrary to appellant's contention, we find no irreconcilable conflict between the provisions of the statute.

Since we find no error in the lower court's construction of the statutory penalty, the sentence is affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.