723 P.2d 642

**In the Matter of the Application of John Lee WEBB, For Writ of Habeas Corpus.**

No. H–1070.

Supreme Court of Arizona, En Banc.

Jan. 21, 1986.

Ross P. Lee, Maricopa County Public Defender, Edward F. McGee, Deputy Public Defender, Phoenix, for petitioner.

Thomas E. Collins, Maricopa Co. Atty., H. Allen Gerhardt Deputy Co. Atty., Phoenix, for respondent.

GORDON, Vice Chief Justice.

Petitioner, John Lee Webb, petitioned this Court for a writ of habeas corpus on November 1, 1985. We granted petitioner's request in an order dated November 19, 1985 which ordered that he be released from custody forthwith. This opinion will formally dispose of the present case and clarify sentencing procedures for Arizona trial courts.

Petitioner was placed on three years probation on May 8, 1985, for a conviction of criminal trespass, a class 1 misdemeanor. A.R.S. § 13–1504. As a condition of probation petitioner was required to enroll and participate in a psychological or psychiatric counseling program at the direction of his supervising probation officer. Petitioner admitted his failure to fulfill this condition and on July 22, 1985, his probation was revoked. A six-month sentence with a 16-day credit for presentence incarceration was imposed. The specific language used by the sentencing judge is as follows:

> "It's ordered that he [Webb] be committed to the Maricopa County Jail for a period of six months to date from today. You'll get credit for 16 days that you have thus far served. Your release date is December 23, 1985."

Petitioner's order of confinement stated that he "be confined in the Maricopa County Jail for a period of 6 months starting 7–22–85 and to be released on 12–23–85".

Petitioner had been in custody since July 6, 1985.

Petitioner had worked and held status as a trusty for 93 days from his sentencing date until the date of his petition. A.R.S. § 31–144(A) provides for double time allowance for particular work done by a trusty. The statute reads as follows:

"**§ 31–144. Double time allowance for work done outside jail as trusty**

**A.** A prisoner in a city, town or county jail, while working on the public streets, highways or other public works as a trusty outside the jail without requiring armed guards, or while holding a position of trust either within or without the jail, shall be allowed double time while so employed and each day he is so employed shall be counted as two days in computing time on his sentence *except in cases in which a specific release date is set forth in the commitment.*"

(emphasis added)

Petitioner argues that if the above statute does not authorize the imposition of "flat" time jail sentences, then he served more than his sentence and should be released. We agreed with petitioner and ordered his release prior to the December 23, 1985 date the trial court indicated.

Courts have power to impose sentences only as authorized by statute and within the limits set by the legislature. *State v. Harris,* 133 Ariz. 30, 31, 648 P.2d 145, 146 (App.1982). Whether or not a prisoner is eligible for release on parole or absolute discharge pursuant to A.R.S. § 31–412 is not for courts to decide; it is within the control of the board of pardons and paroles or the department of corrections. A court cannot place an outer limit on a prisoner's release, but can only sentence him to a definite term in jail or prison. *State v. Harris, supra,* 133 Ariz. at 31, 648 P.2d at 146.

While *State v. Harris, supra,* was a felony case and petitioner's violation was for a misdemeanor, the logic and rule of *Harris* controls. Contrary to the state's argument, while there is no parole board for misdemeanants, there is a correctional system designed by the legislature under which city and county jails are operated. See A.R.S. § 31–101, et seq. and A.R.S. § 11–455. Double time credits are not only authorized for misdemeanants, A.R.S. § 31–144(A), but subsection B provides for their forfeiture as well. A.R.S. § 13–707 controls the sentence of imprisonment for misdemeanors and there is no provision in the statute which authorizes "flat" time sentences.

The state argues that the portion of A.R.S. § 31–144(A) which was emphasized, *supra,* authorizes a sentence of "flat" confinement for misdemeanor offenses. We do not agree. Had the legislature desired to authorize such a sentencing procedure, it would have amended A.R.S. § 13–707, and not A.R.S. § 31–144(A). We believe the legislature's amendment of A.R.S. § 31–144(A) was no more than a codification of our decision in *Pickett v. Boykin,* 118 Ariz. 261, 576 P.2d 120 (1978). That case authorized a specific sentence as a condition of probation and the statutory codification made it clear to corrections personnel operating Arizona's jails that they could not compensate prisoners with release credits who had been sentenced to "flat" time as a condition of probation. *See* A.R.S. § 13–901(F). Had Pickett's sentence been for "jail time" rather than a sentence as a condition of probation, the "flat" time provided by the specific release date would have been improper.

In summary, "flat" time sentences are not permitted in misdemeanor cases unless specifically authorized per statute. *See, e.g.,* A.R.S. § 28–692.01(B), (E) (DWI statutes providing specifically for twenty-four consecutive hours in jail and six-month sentence without probation, pardon, parole, commutation or suspension).

Relief granted.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.