775 P.2d 543

**STATE of Arizona, Appellee,**

v.

**Nancy STELLWAGEN, Appellant.**

**No. 1 CA–CR 11702.**

Court of Appeals of Arizona, Division 1, Department A.

June 15, 1989.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div., and Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Mary Lynn Bogle and Paul C. Klapper, Deputy Public Defenders, Phoenix, for appellant.

OPINION

GERBER, Judge.

On December 16, 1986, appellant Nancy Stellwagen (defendant) was indicted on two counts of molestation of a child and two counts of sexual conduct with a minor, class 2 felonies and dangerous crimes against children. On April 27, 1987, defendant entered into a written plea agreement (agreement) and agreed to plead guilty[1] to two counts of attempted molestation of a child, class 3 felonies and dangerous crimes against children in the second degree. As a result of the agreement, defendant was eligible for probation on only one count. The parties stipulated that, if she were given probation, it would be lifetime probation. *See* A.R.S. § 13–604.01(I).

Before accepting defendant's plea, the trial court addressed defendant personally and determined that the plea was knowing, voluntary, intelligent, and had a factual basis. The trial court then accepted the plea.

On June 26, 1987, the trial court pronounced judgment, sentenced defendant to an aggravated term of 15 years of imprisonment on one count, and placed defendant on lifetime probation on the second count.

Counsel for defendant filed a brief complying with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969), requesting this court to search the record for fundamental error pursuant to A.R.S. § 13–4035. This court ordered supplemental briefing on the issue of

---

1. Defendant entered her guilty plea pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

whether the imposition of lifetime probation is a valid and enforceable sentence in light of this court's decision in *State v. Wagstaff*, 161 Ariz. 66, 775 P.2d 1130 (Ct.App.1988).

A.R.S. § 13–604.01(I) provides:

In addition to the term of imprisonment imposed pursuant to this section and notwithstanding any other law, the court shall order that a person convicted of any dangerous crime against children in the *first* degree be supervised on parole after release from confinement on such conditions as the court or the board of pardons and paroles deems appropriate for the rest of the person's life. If the person is convicted of any dangerous crime against children in the *second* degree the court, in addition to any term of imprisonment imposed or in lieu of the term if probation is otherwise authorized, may order that the person convicted be supervised on probation or on parole after release from confinement on such conditions as the court or board of pardons and paroles deems appropriate for any term up to the rest of the person's life.

(emphasis added).

In *Wagstaff*,[2] this court held that A.R.S. § 13–604.01(I) was invalid insofar as it refers to lifetime parole for a defendant convicted of a dangerous crime against children in the first degree. We do not believe that the rationale behind *Wagstaff* applies to that portion of subsection (I) which provides for the imposition of lifetime probation for those convicted of dangerous crimes against children in the second degree.

A defendant convicted of a dangerous crime against children in the second degree is eligible for probation, and thus revocation of defendant's probation is available as a sanction for violation of the conditions thereof. *Cf. Wagstaff*, 161 Ariz. at 70, 775 P.2d at 1134. Further, the imposition of probation is clearly within the judiciary's authority. A.R.S. § 13–901, *et seq.;* Rule 27, Arizona Rules of Criminal Procedure.[3]

Pursuant to A.R.S. § 13–4035, we have read and considered counsel's brief and have reviewed the entire record for fundamental error. We find no reversible error.

Upon this court entering its decision in this matter, counsel is relieved from all further responsibilities in this appeal except, if appropriate, filing a motion for reconsideration in this court. *State v. Shattuck*, 140 Ariz. 582, 684 P.2d 154 (1984). Counsel shall notify defendant in writing of the fact that defendant, if aggrieved by this decision, is entitled to file a motion for reconsideration or a petition for review within 30 days pursuant to Rule 31.19, Arizona Rules of Criminal Procedure.

The conviction, sentence, and imposition of probation are affirmed.

JACOBSON, P.J., and BROOKS, J., concur.

---

**2.** A petition for review in *Wagstaff* is pending in the Arizona Supreme Court. *State v. Wagstaff*, CR–88–0299–PR (Nov. 23, 1988).

**3.** We have recently declined to follow *Wagstaff* where it construes A.R.S. § 13–604.01(I) to be

violative of the separation of powers doctrine. *See State v. Berger*, 1 CA–CR 88–522 (June 6, 1989).