804 P.2d 744

**STATE of Arizona, Respondent,**

v.

**Jeffrey Howard LYONS, Petitioner.**

**No. CR–90–0262–PR.**

Supreme Court of Arizona,
En Banc.

Dec. 18, 1990.

Grant Woods, Atty. Gen., and Gerald R. Grant, Asst. Atty. Gen., Phoenix, for respondent.

Jeffrey Howard Lyons, pro se.

OPINION

GORDON, Chief Justice.

The State petitioned this court to determine whether the court of appeals erred when it remanded the case to the trial court to consider the validity of imposing lifetime probation under A.R.S. § 13–604.01(I) in light of our decision earlier this year in *State v. Wagstaff,* 164 Ariz. 485, 794 P.2d 118 (1990). Because this issue is of statewide significance, we granted review to determine the constitutionality of this provision. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24.

## FACTUAL AND PROCEDURAL HISTORY

Jeffrey Howard Lyons (Lyons) pleaded guilty to two counts of attempted child molestation, both class three felonies and dangerous crimes against children in the second degree. On Count I, the State agreed that Lyons was to receive lifetime supervised probation. The plea agreement also specified that Lyons was eligible for probation on Count II, but contained no other agreements as to that count. The trial court suspended imposition of sentence and placed Lyons on lifetime probation for Count I, and sentenced Lyons to a mitigated term of five years imprisonment on Count II.

Following a complete appeal and petitions for post-conviction relief, *State v. Lyons*, No. 1 CA–CR 89–1578–PR, slip op. (Ariz.Ct.App. June 12, 1990) (mem.), the only issue we review is whether the court of appeals erred in remanding the case to the trial court to consider the effect of *State v. Wagstaff* on the lifetime probation provision of A.R.S. § 13–604.01(I).

## DISCUSSION

■ The issue in this case, the validity of the lifetime probation provision, was expressly left undecided in *Wagstaff.* In *Wagstaff,* we stated:

> The discretionary sentence of lifetime probation for second degree offenders is not before the Court at this time. The statutory language suggests that the probation provisions are not so intertwined with the parole provisions as to raise the presumption that the legislature would not have enacted one without the other. *See State ex rel. Berger v. Superior Court,* 106 Ariz. 365, 370, 476 P.2d 666, 671 (1970). We purposefully do not pass on the constitutionality of the probation provision, however, because the issue is not before us. *Id.* at 366, 476 P.2d at 667.

164 Ariz. at 493 n. 6, 794 P.2d at 126 n. 6. The issue is squarely before us in this case.

In *Wagstaff,* we found that imposing lifetime parole under A.R.S. § 13–604.01(I) "violates the constitutional requirements that the executive and judicial departments remain separate and distinct." *Id.* at 490, 794 P.2d at 123. The Arizona Board of Pardons and Paroles, an arm of the executive branch, has the exclusive power to grant paroles. *Id.* at 489, 794 P.2d at 122; *see State v. Harris,* 133 Ariz. 30, 31, 648 P.2d 145, 146 (App.1982); A.R.S. § 31–402(A). There was no indication that the legislature intended to divest the parole board of this authority when it drafted the statute. *Wagstaff,* 164 Ariz. at 489, 794 P.2d at 122. Because those vested with concurrent authority to enforce the provision were the courts and the Board of Pardons and Paroles, an impermissible conflict between the two branches arose.

The power to make decisions regarding probation, however, is solidly within the scope of the judiciary's authority. *State v. Stellwagen,* 160 Ariz. 615, 616, 775 P.2d 543, 544 (App.1989) (citing A.R.S. §§ 13–901 to –920; Ariz.R.Crim.P. 27, 17 A.R.S.). The adult probation officers who supervise and observe probationers are members of the judicial branch. *Broomfield v. Maricopa County,* 112 Ariz. 565, 568, 544 P.2d 1080, 1083 (1975). A.R.S. § 12–253(2) provides that these officers are *"subject to control and direction by the court."* (Emphasis added). As the court of appeals stated in *Acevedo v. Pima County Adult Probation Dep't,* a "probation officer 'stands in the shoes' of the superior court judge in carrying out the order of the court...." 142 Ariz. 360, 362, 690 P.2d 79, 81 (App.1983), *vacated on other grounds,* 142 Ariz. 319, 690 P.2d 38 (1984). Unlike the lifetime parole provision, which impermissibly created an intertwining of judicial and executive powers, the lifetime probation provision causes no such overlap. The court's power regarding probation decisions is necessary because "the courts must be independent, unfettered, and free from directives, influence or interference from any extraneous source." *Broomfield,* 112 Ariz. at 567, 544 P.2d at 1082 (quoting *Smith v. Miller,* 153 Colo. 35, 40–41, 384 P.2d 738, 741 (1963)). Therefore, because probation decisions lie solely within the discretion of the judicial branch,

no conflict arises between the judicial and executive branches.

One of the functions of the legislative branch is to define crimes and fix the penalties or sanctions that might be imposed. *State v. Marquez*, 127 Ariz. 98, 103, 618 P.2d 592, 597 (1980). In *Wagstaff,* we criticized A.R.S. § 13–604.01(I) because it described "the range of sentence (term of years plus lifetime parole) but not the sanction to be imposed for breach of the lifetime parole penalty." 164 Ariz. at 490, 794 P.2d at 123. Under the statute, "a person convicted of a dangerous crime against children in the first degree is ineligible for any type of release until the last day of the term of imprisonment imposed has been served." *Id.* at 491, 794 P.2d at 124. Therefore, when lifetime parole is imposed following imprisonment, no unexpired prison time remains to be imposed should the conditions of parole be violated. The uncertainty of the penalty to be imposed led us to find that section of the statute unconstitutionally vague. The statute "require[d] those subject to the penalty, those who [had to] interpret its meaning, and those vested with the authority to enforce the provisions to guess at its meaning." *Id.* at 492, 794 P.2d at 125.

■ When lifetime probation is imposed and then violated, however, the question of unconstitutional vagueness does not arise. When a defendant is convicted of a second degree dangerous crime against children and is eligible for lifetime probation, the penalty imposed if a condition is violated is revocation of the probation. *Stellwagen,* 160 Ariz. at 616, 775 P.2d at 544. The judicial branch alone determines whether a violation of a condition of probation occurred. When the court determines that such a violation has occurred, it may revoke, modify, or continue the probation. *See* Ariz.R.Crim.P. 27.7(c)(2), 17 A.R.S.

■ In this case, the court suspended imposition of a sentence on Count I when it granted lifetime supervised probation. When imposition of a sentence is suspended in this manner, no sentence exists. Should Lyons violate the conditions of his probation, the court is entitled to impose a sentence. Therefore, when the court determines that it should revoke probation, it "is free to impose any sentence it originally might have imposed." *United States v. McDonald,* 611 F.2d 1291, 1295 (9th Cir. 1980) (citing *Roberts v. United States,* 320 U.S. 264, 271, 64 S.Ct. 113, 117, 88 L.Ed. 41 (1943)). Because the penalty for violating probation is revocation, modification, or continuation of the probation, we conclude that the penalty is not unconstitutionally vague.[1]

## CONCLUSION

In summary, we hold that the lifetime probation provision of A.R.S. § 13–604.01(I) neither violates article 3 of the Arizona Constitution nor is unconstitutionally vague. We vacate that portion of the court of appeals' opinion remanding to the trial court the issue of whether imposing lifetime probation is valid in light of our decision in *State v. Wagstaff.* We affirm the trial court's judgment of conviction, sentence, and lifetime probation.

FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.

MOELLER, Justice, concurring.

I concur in the result. *See* Justice Cameron's dissent in *State v. Wagstaff,* 164 Ariz. 485, 493, 794 P.2d 118, 126 (1990), with which I concurred.

---

1. We are aware that situations may arise in which a defendant is sentenced to prison and serves the entire sentence before lifetime probation begins, although such facts are not before us at this time. Because probation is purely a judicial function, we believe that the application of § 13–604.01 in such situations would neither be unconstitutionally vague nor violate separation of powers.