177 P.3d 301

**STATE of Arizona, Respondent,**

v.

**Isaac HASSON, Petitioner.**

**No. 1 CA–CR 07–0219 PRPC.**

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 26, 2008.

Shelia Polk, Yavapai County Attorney, By Steven A. Young, Deputy County Attorney, Prescott, Attorneys for Respondent.

Abigail Louise Jensen, P.C. By Abigail Louise Jensen, Prescott, Attorneys for Petitioner.

**OPINION**

OROZCO, Judge.

¶ 1 Petitioner, Isaac Hasson pled guilty to transportation of methamphetamine for sale. He was sentenced to an aggravated term of thirteen years. The issue we must decide is whether Hasson's sentence is a "flat time" sentence, i.e., whether he must serve thirteen calendar years before his release, or whether

Hasson is eligible to earn release credits. For the reasons set forth below, we hold that Hasson's sentence is "flat time," and therefore he must serve thirteen calendar years.

## BACKGROUND

¶ 2 In exchange for dismissal of four drug related counts and an allegation that he had four prior felony convictions, Hasson agreed to plead guilty to one count of transportation of dangerous drugs for sale (methamphetamine), a violation of Arizona Revised Statutes (A.R.S.) section 13–3407(A)(7)(Supp.2007).[1] At the change of plea hearing, the trial court discussed with Hasson that the sentence imposed would be a "flat time" sentence:

THE COURT: I note that A.R.S. 13–3407(F) does mandate a [calendar] prison term for this crime, but also refers to A.R.S. [s]ection 41–1604.07, the computation of earned release credits. I guess I would concur with [counsel] that there is probably an issue to be resolved there, but for purposes of the change of plea hearing today, Mr. Hasson, I need to stress to you that this language is in bold in your plea agreement, that the prison term that you receive that's mandated by this plea agreement would be a flat time sentence, and at least it's the position of the State of Arizona that the statutes would require that; you understand?

THE DEFENDANT: Yes.

The trial court accepted the plea and later sentenced Hasson to an aggravated term of thirteen years pursuant to A.R.S. §§ 13–3407(E), (F) and –712(A)(Supp.2007).

¶ 3 Hasson timely filed a Rule 32 of-right petition for post-conviction relief.[2] He claimed that his sentence was not a "flat time" or calendar[3] sentence pursuant to A.R.S. § 13–712(A), but that he was eligible

to earn release credits pursuant to A.R.S. § 13–3407(F). Section 13–3407(E) states that:

E. If the person is convicted of a violation of subsection A, paragraph 2, 3, 4 or 7 of this section and the drug involved is methamphetamine, the person shall be sentenced pursuant to § 13–712.

The applicable part of § 13–712 states in relevant part:

A. A person who stands convicted of a violation of section 13–3407, subsection A, paragraph 2, 3, 4, or 7 involving methamphetamine shall be sentenced to a presumptive term of ten calendar years. The presumptive term imposed pursuant to this subsection may be mitigated or aggravated by up to five years . . . .

Notwithstanding the above provisions, § 13–3407(F) states:

F. A person who is convicted of a violation of subsection A, paragraph 4 of this section or subsection A, paragraph 2, 3 or 7 of this section involving methamphetamine is not eligible for suspension of sentence, probation, pardon or release from confinement on any basis until the person has served the sentence imposed by the court, the person is eligible for release pursuant to section 41–1604.07 or the sentence is commuted.

¶ 4 Hasson argued that sections 13–712(A) and 13–3407(F) are "completely contradictory." He stated that section 13–712(A) "makes sentences for transportation of methamphetamine for sale (and other offenses) flat time and prohibits early release on any basis," while section 13–3407(F) "makes inmates serving sentences for those same offenses eligible for release after serving 85% of their sentences." Hasson contended that these two sections cannot be harmonized. Because there "is no way to reconcile these

---

**1.** We cite the current version of the applicable statutes when the revisions are not material to this decision.

**2.** A person who pleads guilty does not have a right of direct appeal. A.R.S. § 13–4033(B)(Supp.2007). Instead, the person "shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding." Ariz. R.Crim. P. 32.1.

**3.** Both parties agree that the term "calendar" years as used in Arizona's criminal code means "flat time." See A.R.S. § 13–105(3)(Supp.2007), defining a "calendar year" as time served "without release, suspension or commutation of sentence, probation, pardon or parole, work furlough or release from confinement on any other basis."

two provisions," he argued, the rule of lenity requires that section 13–3407(F) control.

¶ 5 The State responded and argued that these two sections, when read together, mandate a "flat time sentence for the offense." According to the State, the language in section (F) "until the person has served the sentence imposed by the court, the person is eligible for release pursuant to section 41–1604.07 or the sentence is commuted" provides that Hasson is not eligible for release from confinement until:

■ He serves the "sentence imposed by the court." His sentence in this case is a flat-time sentence pursuant to the terms of the plea agreement.

■ He is "eligible for release pursuant to A.R.S. § 41–1604.07." That statute provides that a prisoner cannot earn release credits if he/she is "sentenced to serve the full term of imprisonment imposed by the court." As per the plea agreement, he was sentenced to serve the full term of imprisonment, i.e., flat-time.

■ His "sentence is commuted." Likewise, Defendant's sentence could not be commuted because persons sentenced to flat-time pursuant to A.R.S. § 13–712 (as per the plea agreement) are not eligible to have their sentences commuted.

¶ 6 Relying on the "Final Amended Fact Sheet for S.B. 1473," the State argued that the clear intent of the legislature was to "stiffen the penalties" for methamphetamine-related crimes. The fact sheet specifically states that a sentence for the enumerated crimes shall be the presumptive sentence of ten calendar years. The State argued, "interpreting A.R.S. § 13–3407(F) as Defendant proposes would make the presumptive sentence of 10 calendar years as outlined in A.R.S. §§ 13–3407(E) and 13–712(A) inoperative." In a supplemental response the State argued that §§ 13–712 and –3407(E) should control because, when two statutes address the same subject and conflict, the more recent, specific statute controls.

¶ 7 Hasson replied and argued that it made no difference that the plea agreement called for a "flat time" sentence. Hasson pointed out that only the legislature can authorize a "flat time" sentence. *In re Webb*, 150 Ariz. 293, 294, 723 P.2d 642, 643 (1986)(holding trial court's attempt to require defendant to serve six months "flat time" invalid absent statutory authority). Accordingly, Hasson argued, the language in § 41–1604.07 that a prisoner cannot earn release credits if he/she is "sentenced to serve the full term of imprisonment" by the court is of no consequence.

¶ 8 Finally, in response to the State's argument that §§ 13–712 and –3407(E) control because when two statutes address the same subject and conflict, the more recent, specific statute controls, Hasson pointed out that the amendments and additions to all three statutes §§ 13–712, –3407(E) and (F)—occurred simultaneously in the same bill, Senate Bill 1473. 2005 Ariz. Sess. Laws Ch. 327, §§ 3 and 5. Moreover, he argued, all three provisions specifically deal with the sentence for a violation of § 13–3407(A)(7).

¶ 9 The trial court ruled that Hasson's sentence was a "flat time," or calendar sentence pursuant to § 13–712(A). The court stated that it

[was] not persuaded that there is any lack of clarity in these statutes compelling application of rules of construction, or that the statutes are at odds. A.R.S. [§ ] 13–712 requires a "calendar years" sentence. The definition appears to evince a legislative directive of a "full term of imprisonment." A.R.S. [§ ] 41–1604.07 does not apply release credits to such a sentence when it states "except for those prisoners who are sentenced to serve the full term of imprisonment imposed by the court."

Hasson filed a motion for reconsideration which was denied. He timely petitioned this court for review. We have jurisdiction pursuant to A.R.S. § 12–120.21 (2003).

## DISCUSSION

¶ 10 Because resolution of this matter turns on the interpretation of statutes, we review the superior court's ruling de novo, as a question of law. *State v. Mangum*, 214 Ariz. 165, 167, ¶ 6, 150 P.3d 252, 254 (App. 2007).

■ ¶ 11 When construing statutes, our primary goal is to determine and give effect

to the legislature's intent. *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996); *State v. Oaks*, 209 Ariz. 432, 434, ¶ 10, 104 P.3d 163, 165 (App.2004). We give clear and unambiguous statutory language its plain and ordinary meaning unless absurd consequences would result. *State v. Wagstaff*, 164 Ariz. 485, 490, 794 P.2d 118, 123 (1990); *see also State v. Leon*, 197 Ariz. 48, 49, ¶ 2, 3 P.3d 968, 969 (App.2000). We attempt to give any unclear language a sensible construction. *Wagstaff*, 164 Ariz. at 490, 794 P.2d at 123. Stated another way, if possible, "we adopt a construction of a statute that reconciles it with other statutes, giving force to all statutes involved." *Lewis v. Ariz. Dep't of Econ. Sec.*, 186 Ariz. 610, 614, 925 P.2d 751, 755 (App.1996). Our interpretation should be the one "most harmonious with the statutory scheme and legislative purpose." *State v. Pinto*, 179 Ariz. 593, 596, 880 P.2d 1139, 1142 (App.1994). Also we "will apply constructions that make practical sense rather than hypertechnical constructions that frustrate legislative intent." *State v. Cornish*, 192 Ariz. 533, 537, ¶ 16, 968 P.2d 606, 610 (App.1998).

■ ¶ 12 The legislature's intent in this matter is not subject to dispute. When it enacted the amendments, § 13–3407(E) was renumbered (F), and the new subsection, now (E), states unambiguously that for a violation of § 13–3407(A)(7), "the person shall be sentenced pursuant to section 13–712." Section 13–712 states clearly that any sentence imposed shall be for "calendar years." Section 13–105(3) defines a "calendar year" as "three hundred sixty-five days actual time served without release, suspension or commutation of sentence, probation, pardon or parole, work furlough or release from confinement on any other basis." The Senate "Fact Sheet" relating to S.B. 1473, forty-seventh legislature, first regular session, explained the proposed amendments as a response to the "primary drug threat [posed] to Arizona" in light of the increasing abuse of methamphetamine. The fact sheet included the following statement about the bill: "Increases the sentence of a person convicted of one of the following [methamphetamine-related] crimes to a presumptive sentence of 10 calendar years."

¶ 13 In light of the above, § 13–3407(F) is admittedly somewhat perplexing. Having provided for calendar year sentences in § 13–3407(E) (by reference to § 13–712), the mention of release credits (by reference to § 41–1604.07(A) ) and commutation of sentence in subsection (F) is confusing. Nevertheless we do not agree with Hasson that the language in subsection (F) confers on him the right to release credits pursuant to § 41–1604.07(A), and thus conflicts with subsection (E).

¶ 14 In *State v. Vondohlen*, 24 Ariz.App. 362, 538 P.2d 1163 (1975), the court dealt with a very similar issue, and resolved an apparent conflict by giving effect to the legislature's intent. The statute at issue in *Vondohlen* was § 13–643, which then provided for the punishment for armed robbery. Subsection B stated in relevant part:

> Robbery committed by a person armed with a gun or deadly weapon is punishable by imprisonment in the state prison, for the first offense, for not less than five years ... and in no case, ... shall the person convicted be eligible for suspension or commutation of sentence, probation, pardon or parole until such person has served the minimum sentence imposed.

*Vondohlen*, 24 Ariz.App. at 363, 538 P.2d at 1164. However, the next subsection, C, stated:

> Any person convicted of robbery armed with a gun or deadly weapon who is placed on probation in accordance with the terms of this section shall upon sentencing, . . . .

*Id.*

¶ 15 The defendant argued that the use of the words "armed with a gun ... who is placed on probation" in subsection C directly conflicted with the language in subsection B prohibiting probation. As such, he argued, the trial court should have considered probation as an alternative when it imposed the sentence. The court disagreed and stated that, in light of the legislature's intent, "the language used, the subject matter, the effects and consequences, and the spirit and purpose of the law," probation was not available. *Id.*

¶ 16 As previously noted, when possible we will apply constructions that make practical sense rather than hypertechnical constructions that frustrate legislative intent. Like the *Vondohlen* court, we hold that in light of the legislature's intent, "the language used, the subject matter, the effects and consequences, and the spirit and purpose of the law," Hasson is not eligible for release credits. *Id.* Furthermore, we agree with the trial court that § 13–3407(F), as it relates to Hasson, does not provide for release credits because § 41–1604.07(A) specifically excludes eligibility for anyone "sentenced to serve the full term of imprisonment imposed by the court." Further, *In re Webb,* 150 Ariz. 293, 723 P.2d 642 (1986), relied on by Hasson in the trial court, does not prohibit this construction because, unlike *Webb,* here the trial court has the statutory authority to impose a "flat time" sentence.

¶ 17 We reject Hasson's construction because it frustrates legislative intent. *See Phelps Dodge Corp. v. Ariz. Elec. Power Co-op., Inc.,* 207 Ariz. 95, 125, ¶ 134, 83 P.3d 573, 604 (App.2004)(interpreting statute to give it a fair and sensible meaning, rather than a construction that frustrates legislative intent); *State v. Seyrafi,* 201 Ariz. 147, 150, ¶ 11, 32 P.3d 430, 433 (App.2001) ("We apply practical, common sense constructions rather than hypertechnical ones that would tend to frustrate legislative intent when we interpret criminal statutes."); *State v. Garcia,* 189 Ariz. 510, 513, 943 P.2d 870, 873 (App.1997) (in construing statutes, courts consider consequences and effects of decisions).

## CONCLUSION

¶ 18 The trial court properly harmonized A.R.S. §§ 13–712(A), –3407(E), and –3407(F), when it found that Hasson's sentence is a calendar years sentence. Hasson is not eligible for release credits pursuant to § 41–1604.07(A), which precludes such credits for those who, like Hasson, are sentenced "to serve the full term of imprisonment imposed by the court." Therefore, we grant review, but deny relief.

CONCURRING: DANIEL A. BARKER, Presiding Judge, and ANN A. SCOTT TIMMER, Judge.

