NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*

*v.*

DAVID M. MATA, *Appellant*.

No. 1 CA-CR 15-0234
FILED 1-7-2016

Appeal from the Superior Court in Maricopa County
No. CR2012-137145-002
The Honorable John R. Ditsworth, Judge

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART,
REMANDED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Michael J. Dew, Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Diane M. Johnsen joined.

---

**B R O W N**, Chief Judge:

¶1        A jury convicted David M. Mata of one count of burglary in the second degree, a class three felony (Count 1), and one count of criminal trespass in the first degree, a class six felony (Count 2). Following an evidentiary hearing, the trial court found Mata had at least two historical prior felony convictions. The court sentenced Mata to aggravated prison terms of 16 years on each count, to be served concurrently.

¶2        On appeal, Mata argues his sentence on Count 2 is illegal because the maximum aggravated sentence for a Category Three offender convicted of a class six felony is 5.75 years. *See* Arizona Revised Statutes section 13-703(J). The State concedes error, noting that the range of sentence for a class 6 felony with two historical prior felony convictions is 2.25 years to 5.75 years' imprisonment. *See id.*

¶3        "Courts have power to impose sentences only as authorized by statute and within the limits set down by the legislature." *State v. Harris*, 133 Ariz. 30, 31 (App. 1982). A sentence that falls outside the statutory range is unlawful and therefore constitutes fundamental, prejudicial error. *See State v. Hargrave*, 225 Ariz. 1, 13, ¶ 40 (2010).

¶4        Because Mata's sixteen-year sentence for Count 2 falls outside the statutory range, we vacate that sentence and remand for resentencing as to Count 2 only. We affirm Mata's convictions on both counts and his sentence for Count 1.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama