FILED
United States Court of Appeals
Tenth Circuit

**July 3, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRENDAN DYER,

    Plaintiff - Appellant,

v.

MARY CARLSON; MARY
BUCHANAN,

    Defendants - Appellees,

and

JOHN DOE,

    Defendant.

No. 23-1200
(D.C. No. 1:22-CV-02863-JLK)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Brendan Dyer appeals the district court's order dismissing his 42 U.S.C.

§ 1983 complaint against defendant prison officials Mary Carlson and Mary

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Buchanan.[1] Because we agree with the district court that defendants are entitled to qualified immunity, we affirm.

## Background

According to the complaint, in early 2016, Dyer pleaded guilty in Colorado state court to attempted escape from custody and received a one-year prison sentence, to run consecutively to a "sentence imposed in two other cases."[2] App. 10. After serving about two years in prison, Dyer was released on parole in Colorado. But by the summer of 2019, Dyer had absconded from parole supervision and was arrested in another state. As a result, the Colorado State Board of Parole revoked his parole for the remainder of the parole period.

In Dyer's view, the parole board violated the Constitution's ex post facto prohibition by revoking his parole for more than 30 days based on an absconding violation. Dyer asserts that under the Colorado parole-revocation statute in effect when he began his term of parole, the parole board only had the authority to revoke his parole for up to 30 days. *See* Colo. Rev. Stat. § 17-2-103(11)(b)(III) (2018). The parole board, however, applied a May 2019 amendment to the statute, which provides that if a parolee violates parole by absconding from supervision, the board "may revoke parole and request the [county] sheriff . . . to transport the parolee to a place

---

[1] Oddly, Dyer refers to defendants as "Jeff Falk and Jeff Buchanan" throughout his opening brief, Aplt. Br. 2, and he later calls himself "Mr. Carbajal" in his reply brief, Rep. Br. 8. But none of these names appears in the complaint.
[2] The complaint provides no details about the "two other cases" or the sentence Dyer received in them. App. 10.

2

of confinement for up to the remainder of the parole period." *Id.*
§ 17-2-103(11)(b)(II) (2019).

Dyer alleges that he notified his "case manager, parole officers, and
administrative staff . . . that he was being detained in excess of legal limits and that
his technical violation only allowed for him to be confined for 30 days." App. 15. He
asserts that Carlson, the head of time computation at the Colorado Department of
Corrections (CDOC), and Buchanan, a CDOC case manager, both had "numerous
opportunities" to investigate this ex post facto complaint, "escalate the issue,"
"correct" the parole board's "wrongful revocation" order, and "help facilitate his
release from the CDOC to parole." *Id.* at 15–16. But they allegedly took no action.

Dyer then filed this action under 42 U.S.C. § 1983 against Carlson and
Buchanan in their individual capacities, asserting two claims: (1) wrongful
confinement under the Fifth, Eighth, and Fourteenth Amendments; and (2) denial of
due process under the Fourteenth Amendment.[3] Defendants moved to dismiss the
complaint under Federal Rule of Civil Procedure 12(b)(6) based in part on qualified
immunity. The district court granted the motion, holding that qualified immunity

---

[3] The complaint's caption names Carlson and Buchanan in both their
individual and official capacities, but the body of the complaint clarifies that they are
"being sued in their individual capacities" only. App. 9. The district court therefore
treated Dyer's claims as individual-capacity claims, and Dyer does not challenge this
treatment on appeal.

barred his claims because Dyer failed to allege that defendants violated a clearly established constitutional right.[4] Dyer appeals.

## Analysis

Dyer argues that the district court erred in granting defendants' motion to dismiss on qualified-immunity grounds. We review a Rule 12(b)(6) dismissal based on qualified immunity de novo. *Doe v. Woodard*, 912 F.3d 1278, 1288 (10th Cir. 2019). In reviewing the dismissal, we accept as true all well-pleaded factual allegations and view them "in [the] light most favorable to the nonmoving party." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012). But we "disregard all conclusory statements of law." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Rooted in the idea of fair notice, "[t]he doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When a defendant invokes qualified immunity, the plaintiff must establish that "(1) the defendant violated a federal statutory or constitutional right and (2) the right was clearly established at the time of

---

[4] The district court alternatively held that dismissal was appropriate because (1) the application of the amended parole-revocation statute did not violate the ex post facto prohibition; and (2) Dyer's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as they necessarily implied the invalidity of his parole revocation and sentence.

4

the defendant's conduct." *Ullery v. Bradley*, 949 F.3d 1282, 1289 (10th Cir. 2020). Courts may conduct this two-pronged inquiry in any order. *See Pearson*, 555 U.S. at 236. We consider only the second prong here.

"For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). And the "contours of" a right are generally "sufficiently clear" to put a reasonable official on notice only if the plaintiff points to "an on-point Supreme Court or published Tenth Circuit decision" or shows that "the clearly established weight of authority from other courts [has] found the law to be as the plaintiff maintains." *Perry v. Durborow*, 892 F.3d 1116, 1123 (10th Cir. 2018) (alteration in original) (quoting *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015)). Simply put, qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Here, the district court concluded that Dyer "fail[ed] entirely to show" clearly established law put defendants on notice that their alleged conduct was unconstitutional. App. 86. Challenging this conclusion on appeal, Dyer argues that "the right to be free from wrongful confinement and to due process under the rubric of the Eighth and Fourteenth Amendment[s] was clearly established." Aplt. Br. 31. More specifically, he asserts that he has a clearly established constitutional right under "either the Fifth or Eighth Amendment, or both, not to be imprisoned past the

5

date[] required" and a due-process "liberty interest in being released on time in conformity with other relevant laws." *Id.* at 32.

But Dyer frames the relevant constitutional rights at an unacceptably "high level of generality." *White v. Pauly*, 580 U.S. 73, 79 (2017) (per curiam) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). As the Supreme Court "explained decades ago, the clearly established law must be 'particularized' to the facts of the case." *Id.* (quoting *Creighton*, 483 U.S. at 640). So "[t]he dispositive question is 'whether the violative nature of *particular* conduct is clearly established,'" an inquiry that "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Mullenix*, 577 U.S. at 12 (first quoting *al-Kidd*, 563 U.S. at 742; and then quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam)). Yet Dyer cites no case that would have put defendants on notice that their alleged conduct—failing to investigate his ex post facto complaint, correct the parole board's revocation order, and facilitate his release from prison—violated the Constitution.

At best, Dyer invokes *Haygood v. Younger*, a Ninth Circuit case in which prison officials failed to investigate a prisoner's claim that his sentence had been miscalculated. 769 F.2d 1350, 1352–53 (9th Cir. 1985) (en banc). There, the en banc court held that "prison officials who are under a duty to investigate claims of computational errors in the calculation of prison sentences may be liable [under § 1983] for their failure to do so when a reasonable request is made." *Alexander v. Perrill*, 916 F.2d 1392, 1398 (9th Cir. 1990). But here, Dyer does not allege a sentence-calculation error; he asserts that the parole board violated the Constitution's

6

ex post facto prohibition when it revoked his parole for the remainder of the parole period. And Dyer fails to show that defendants—who are merely prison officials—have any authority, let alone duty, to review the legality of the parole board's revocation orders and correct any orders it deems illegal.[5] *Cf. Stein v. Ryan*, 662 F.3d 1114, 1119 (9th Cir. 2011) ("Prison officials may properly assume that they have the authority to execute the sentencing orders delivered to them by the court without fear of civil liability.").

In short, Dyer fails to establish that defendants' alleged conduct violated a clearly established constitutional right. Defendants are therefore entitled to qualified immunity.[6]

## Conclusion

Because defendants are entitled to qualified immunity, we affirm the district court's order dismissing Dyer's § 1983 claims.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[5] The complaint does assert that defendants had the "authority and ability to correct" the parole board's order and facilitate Dyer's release from prison. App. 16. But we need not accept this "naked assertion[]," which "is devoid of any factual" or legal support. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

[6] Given this conclusion, we need not reach Dyer's challenges to the district court's alternative bases for dismissing the complaint.