690 P.2d 38

Adolfo ACEVEDO, Jr., a minor by his next friend and father, Adolfo ACEVEDO; Robert G. Fuell, Tammy W. Fuell and Liberty Hurst, all minors, by their next friend and mother, Rosalie A. Fuell; Ventura Valenzuela, Jr., and Ruben Valenzuela, minors, by their next friend and father, Ventura Valenzuela, Plaintiffs/Appellants,

v.

The PIMA COUNTY ADULT PROBATION DEPARTMENT; Stephen C. Emslie, Charles R. Moffett, William G. Johnson, Robert E. Long, as employees of the Pima County Adult Probation Department; the County of Pima, a body politic; and the State of Arizona, Defendants/Appellees.

No. 17294–PR.

Supreme Court of Arizona, En Banc.

Sept. 25, 1984.

Reconsideration Denied Nov. 14, 1984.

**320**

Gonzales & Villarreal by Richard J. Gonzales, Tucson, for plaintiffs/appellants.

Stephen D. Neely, Pima County Atty. by Michael D. Alfred, Deputy County Atty., Tucson, for defendants/appellees.

Robert K. Corbin, Atty. Gen. by Robert F. Ellig, Asst. Atty. Gen., Phoenix, for State of Ariz.

HOLOHAN, Chief Justice.

The appellants filed an action against the Pima County Adult Probation Department, four named adult probation officers, the State of Arizona, and Pima County for damages for personal injuries suffered as a result of the allegedly negligent supervision of one Jesse Christopher, a probationer under the supervision of the Pima County Adult Probation Department. The trial court granted summary judgment in favor of all the appellees and the Court of Appeals affirmed, ruling that the probation officers were immune from liability. *Acevedo v. Pima County Adult Probation Dept.*, 142 Ariz. 360, 690 P.2d 79 (App. 1983). We granted appellants' petition for review. The decision of the Court of Appeals is vacated.

The facts of the case are set forth in the opinion of the Court of Appeals. We summarize them here to aid in understanding our discussion of the issues in the case.

The thrust of the appellants' claim for damages is that the adult probation officers negligently supervised a person on probation, resulting in damage to the appellants' minor children. Since the case was resolved on summary judgment by the trial court, we will accept the appellant's evidence of the facts. Jesse Christopher, the person under supervision by the probation officers, had a long history of sexual deviation, especially that involving young children. In March 1979 Christopher was sentenced to confinement to be followed by 20 years probation. The special conditions of probation provided that Christopher was not to have any contact whatsoever with children under the age of 15 and that he was to continue his psychological therapy.

The appellants maintain that they were never advised of Christopher's background nor of the special terms of his probation. The probation officers allowed Christopher to rent a room from appellant Valenzuela knowing that he had five children ranging in age from three to nine years residing on the same premises. Appellant Acevedo, who also had young children, employed Christopher under a work release program for offenders. The document presented to appellant Acevedo stated that Christopher had been screened for involvement in the work release program. During the summer of 1981, Christopher sexually molested the Valenzuela and Acevedo children.

Christopher was charged with and convicted of the criminal acts on the children. His probation has been revoked, and he has been sentenced to life imprisonment.

Although the appellants and appellees raised a number of issues in the appeal, the Court of Appeals decided the case on the issue of judicial immunity. We took review of this case to address that limited issue.

The Court of Appeals stated the issue to be whether an adult probation officer is protected by judicial immunity from liability for negligently supervising a convicted felon placed on probation. We accept that statement of the issue.

■ The doctrine of judicial immunity is an ancient one in the common law. There are references to the subject as early as 1354 (Book of Assizes, 27 Edw. III, pl. 18), and it became a well recognized rule after the decision in *Floyd and Barker*, 12 Co. Rep. 23, 77 Eng. Rep. 1305 (1607). In this country the common law rule regarding judicial immunity was recognized by both state and federal courts. *See Randall v. Brigham*, 74 U.S. 523 (7 Wall. 523), 19 L.Ed. 285 (1868). Simply stated, the rule is that judges of courts of general jurisdiction are not liable in a civil action for damages for their judicial acts, even when such acts are in excess of their jurisdiction or are alleged to have been done maliciously or corruptly. *Bradley v. Fisher*, 80 U.S. 335 (13 Wall. 335), 20 L.Ed. 646 (1871); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

■ The policy reasons for judicial immunity are listed in our decision in *Grimm v. Arizona Board of Pardons and Paroles*, 115 Ariz. 260, 564 P.2d 1227 (1977). The primary reason for judicial immunity from civil actions is to assure that judges will exercise their functions with independence and without fear of consequences. *See Bradley v. Fisher, supra*.

Although the scope of immunity from suit has been limited in this state, we have specifically recognized the continued validity of the doctrine of judicial immunity. *Ryan v. State*, 134 Ariz. 308, 656 P.2d 597 (1982).

■ The doctrine of judicial immunity has not, in this century, been limited to judges. Certain court officials are also protected by judicial immunity. The immunity is granted to those who perform functions "intimately related to," *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir.1980), or which amount to "an integral part of the judicial process." *Robichaud v. Ronan*, 351 F.2d 533, 536, (9th Cir.1965); *see Seibel v. Kemble*, 63 Hawaii 516, 631 P.2d 173 (1981). Thus, whether a particular officer is protected by judicial immunity depends upon the nature of the activities performed and the relationship of those activities to the judicial function. *Ashbrook v. Hoffman, supra*, 617 F.2d at 476. In addition, the applicability of judicial immunity to officers serving the judiciary is limited to those situations where the underlying policy of judicial immunity is served: principled and fearless decision-making by that officer. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir.1974). The underlying policy of uninhibited judgment is served by removing the possibility that "a non judicial officer who is delegated judicial duties in aid of the court [will] be a 'lightning rod for harassing litigation' aimed at the court." *Ashbrook v. Hoffman, supra*, 617 F.2d at 476, *quoting Kermit Construction Corp. v. Banco Credito Y Ahorro Ponceno*, 547 F.2d 1, 3 (1st Cir.1976). Courts have extended judicial immunity to a court clerk, *Yamamoto v. Santa Cruz County Board of Supervisors*, 124 Ariz. 538, 606 P.2d 28 (App.1979), court-appointed psychiatrists, *Seibel v. Kemble, supra*, and partition commissioners, *Ashbrook v. Hoffman, supra*. The consistent reasoning in these cases is that each non-judicial officer performed a function, pursuant to a court directive, which was related to the judicial process. This application of judicial immunity may fairly be described as derivative in that the immunity would not exist except for the direct connection with the court.

The Court of Appeals would extend the doctrine of absolute judicial immunity to probation officers supervising probationers because the task arises out of a judicial proceeding and is a continuation of that proceeding. The authorities do not support such a broad grant of immunity. Several federal courts have extended absolute immunity to probation officers for activities related to providing a court with a pre-sentence report. *Burkes v. Callion*, 433 F.2d 318 (9th Cir.1970), *cert. denied*, 403 U.S. 908, 91 S.Ct. 2217, 29 L.Ed.2d 685 (1971);

*Spaulding v. Nielsen,* 599 F.2d 728 (5th Cir.1979); *Maynard v. Havenstrite,* 727 F.2d 439 (5th Cir.1984). At least two federal circuits have ruled that probation officers do not have absolute immunity for the damages caused by reports filed to revoke probation or parole. *Galvan v. Garmon,* 710 F.2d 214 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 2150, 80 L.Ed.2d 536 (1984); *Ray v. Pickett,* 734 F.2d 370 (8th Cir.1984). The latter cited cases do recognize a qualified immunity for probation officers when their functions are administrative, supervisory, or investigative in nature.

■ In this state, we have not adopted a rule of qualified immunity for officers similar to the federal rule. There are statutory immunities provided for some governmental officers and employees. *See* A.R.S. § 41–621(G). We do not, however, perceive any compelling reason to adopt a rule of qualified immunity for public officers or employees. Those officials whose special functions or constitutional status require protection from suit to carry out their duties are accorded absolute immunity. As noted previously, the judiciary, in carrying out its functions, is entitled to absolute immunity. Those officers, employees, and agents who assist the court in the judicial process are also entitled to absolute immunity.

■ Probation officers, in preparing and submitting pre-sentence reports to the court, should be entitled to absolute immunity because the pre-sentence report is an integral part of the sentencing process. *See* Rule 26.4(a), Rules of Criminal Procedure, 17 A.R.S. We also believe that a probation officer is entitled to absolute protection from suit for actions which are necessary to carry out and enforce the conditions of probation imposed by the court. We do not agree, however, that all the activities of a probation officer in supervising a probationer are entitled to immunity. Much of the work of a probation officer is administrative and supervisory. Such activities are not part of the judicial function; they are administrative in character. It

must be noted that a judge enjoys absolute immunity for his "judicial acts", which have been described as functions "normally performed by a judge...." *Stump v. Sparkman, supra,* 435 U.S. at 362, 98 S.Ct. at 1107. The performance by a judge of an official act which is not judicial is not entitled to judicial immunity. *Lynch v. Johnson,* 420 F.2d 818 (6th Cir.1970). In like manner, the activities of a probation officer will often not be connected with the performance of a judicial function, and as a consequence not be entitled to immunity.

■ Appellants urge that judicial immunity cannot be invoked in this case in any event because the probation officers did not act pursuant to the court's directive. We agree. A probation officer cannot assert for immunity unless the officer is acting pursuant to or in aid of the directions of the court. The evidence which the appellants advance indicates that the probation officers acted *contrary* to the court's directive. The record shows that the sentencing court specifically prohibited the probationer from having any contact with minors. Any possible claim to immunity ceased when the officers ignored the specific direction of the court.

The opinion of the Court of Appeals is vacated, the judgment of the superior court is reversed, and the case is remanded to the superior court for further proceedings not inconsistent with this opinion.

GORDON, V.C.J., and HAYS, CAMERON, and FELDMAN, JJ., concur.