**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 4 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YVETTE CASTANEDA, | No. 13-15159 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01856-SRB |
| v. | |
| MARGARET BURTON-CAHILL, in her official capacity as Justice of the Peace, AKA Meg Burton-Hall; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Yvette Castaneda appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging federal and state law claims

arising from a state court proceeding related to her dog.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Sadoski v. Mosley*, 435 F.3d 1076, 1077 n.1 (9th Cir. 2006) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)).  We affirm.

The district court properly dismissed Castaneda's federal and state law claims against defendants Burton-Cahill and Ore because they are entitled to judicial immunity under federal and Arizona law.  *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."); *Acevedo v. Pima Cnty. Adult Prob. Dep't.*, 690 P.2d 38, 40 (Ariz. 1984) (setting forth the doctrine of absolute judicial immunity in Arizona); *Hernandez v. Maricopa County*, 673 P.2d 341, 343 (Ariz. Ct. App. 1983) (justices of the peace are entitled to judicial immunity).  Moreover, Castaneda failed to allege facts sufficient to show that Burton-Cahill and Ore acted in the clear absence of all jurisdiction.  *See O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369-70 (9th Cir. 1981) (discussing the distinction between acts taken "in clear absence of all jurisdiction" and those taken merely "in excess of jurisdiction"); *In re Alexander*, 300 P.3d 536, 546 (Ariz. 2013) ("A judge loses [] immunity only when acting in a non-judicial capacity or in complete absence of all jurisdiction." ).

13-15159

The district court properly dismissed Castaneda's federal claims against defendant Hunter because Castaneda failed to allege facts sufficient to show that Hunter acted under color of state law. *See Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (private parties do not generally act under color of state law for 42 U.S.C. § 1983 purposes, and conclusory allegations that a private party conspired with a state actor to deprive plaintiff of constitutional rights are insufficient to state a claim).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Castaneda's remaining state law claims against Hunter. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction once it has "dismissed all claims over which it has original jurisdiction").

We reject as without merit Castaneda's contention that the district court prematurely dismissed Castaneda's claims against Burton-Cahill and Hunter before they were served. *See* 28 U.S.C. § 1915(e)(2)(B) (court shall dismiss at any time if it determines that the action fails to state a claim on which relief may be granted or that the action seeks monetary relief from a defendant who is immune).

**AFFIRMED**.