NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JASON LEE HARRIS, *Plaintiff/Appellant*,

*v.*

DAVID C. SHINN, et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0464
FILED 7-22-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-095836
The Honorable Pamela S. Gates Judge

**AFFIRMED**

COUNSEL

Jason Lee Harris, Florence
*Plaintiff/Appellant*

Arizona Attorney General's Office
By Michael E. Gottfried, Kelly Gillilan-Gibson
*Counsel for Defendants/Appellees*

Maricopa County Attorney's Office, Phoenix
By Joseph I. Vigil, Joseph J. Branco
*Counsel for Defendants/Appellees Arteagu, et al.*

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Chief Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

---

**F U R U Y A**, Judge:

¶1 Jason Lee Harris appeals the superior court presiding judge's order striking his civil suit for false imprisonment against the Arizona Department of Corrections' ("ADOC") Director David Shinn and two other ADOC employees for failure to comply with an administrative order and for lack of merit. Because Harris has shown no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2 Following an extensive history of filing meritless civil suits related to his criminal convictions and detentions, Harris was designated a vexatious litigant by the superior court on March 9, 2017, pursuant to Arizona Revised Statutes ("A.R.S.") § 12-3201. *See* Super. Ct. of Ariz. Maricopa Cnty., Admin. Ord. No. 2017-029 ("A.O. 2017-029"). As relevant, A.O. 2017-029 requires that Harris seek leave from the civil presiding judge before filing any new causes of action. *Id.* The order also requires that any motion for leave be captioned "Application Pursuant to Court Order Seeking Leave to File," and include a citation to, or a copy of, the order. *Id.*

¶3 On October 31, 2019, Harris filed a civil case, naming ADOC Director David Shinn and two other ADOC employees as defendants. Harris' complaint alleged the tort of false imprisonment, contending his release date should have been October 20, 2019, but was told that he would remain incarcerated until February 3, 2020. He sought $500,000 in damages for each day he was allegedly falsely imprisoned, as well as $30 million in punitive damages.

¶4 Though his complaint included within its caption an under-script stating, "pre-filing order is in effect," Harris did not submit a motion requesting leave of the court prior to filing. Despite his failure to comply with A.O. 2017-029, Harris' suit was processed. In the months that followed, Harris made numerous filings in the case.

¶5 In June 2020, Defendant Shinn filed a motion for judgment on the pleadings. However, before the court could rule on this motion, the

presiding judge ordered Harris' case be struck for failing to comply with A.O. 2017-029. The presiding judge also found that Harris' suit was without merit and barred by statute. Further, the presiding judge found there was no good cause to grant Harris leave to refile his complaint.

¶6        Harris timely appealed from the presiding judge's decision, and because that decision has the effect of a dismissal with prejudice, we have jurisdiction pursuant to A.R.S. § 12-2101(A)(3).

## DISCUSSION

¶7        Harris requests reversal and remand of his civil case for trial based on his false imprisonment allegation. We review the presiding judge's decision as a dismissal of the complaint for failure to state a claim, and therefore apply *de novo* review. *Cf. Brittner v. Lanzilotta*, 246 Ariz. 294, 295, ¶ 4 (App. 2019) (citation omitted). In doing so, "we accept the facts alleged in the complaint as true" and "resolve all reasonable inferences in favor of the plaintiff[]." *Yes on Prop 200 v. Napolitano*, 215 Ariz. 458, 464, ¶ 7 (App. 2007) (citations omitted). We will affirm the dismissal only if Harris "would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id.* (citation omitted). We may also affirm on any basis supported by the record. *See Dube v. Likins*, 216 Ariz. 406, 417, ¶ 36 n.3 (App. 2007) (citation omitted).

¶8        "Any and all causes of action that may arise out of tort caused by the director [of ADOC], prison officers or employees of [ADOC], within the scope of their legal duty, shall run only against the state." A.R.S. § 31-201.01(F). A cause of action for false imprisonment arises out of tort. *Cullison v. City of Peoria*, 120 Ariz. 165, 169 (1978).

¶9        Here, Harris' complaint alleged a claim of false imprisonment directly against ADOC's director and employees for various failures while acting within the scope of their legal duties, such as reviewing and responding to prisoner complaints and grievances. The demand for relief contained in Harris' complaint summarized that ADOC was "aware that it ha[d] held [him] excessively in prison after the sentence imposed." Thus, even assuming the truth of Harris' allegations regarding his detention, his complaint as pled was nevertheless subject to dismissal. The nature of Harris' claim required him to name the State of Arizona, and only the State, as defendant. *See* A.R.S. § 31-201.01(F); *Tripati v. State, ADOC*, 199 Ariz. 222, 224, ¶ 5 (App. 2000) ("[S]ection 31-201.01(F) . . . specifies *who* may be named as a defendant in an inmate's lawsuit based on allegations of tortious acts by [ADOC] personnel . . . ."). By suing ADOC personnel rather than the

3

State of Arizona directly, Harris' complaint runs afoul of the requirement stated in A.R.S. § 31-201.01(F). Thus, regardless of the merits of his claims, Harris' case was properly dismissed. *See id.*

¶10 Moreover, even if Harris were permitted to refile, to name the State of Arizona as the defendant, his case would still fail. Harris was required to serve a notice of claim on the State within 180 days after his cause of action accrued. *See* A.R.S. § 12-821.01(A)–(B). Harris' complaint does not allege compliance with the requirement to file a notice of claim, and as confirmed in the Defendants' answer, the record before us presents no other evidence thereof. Given the passage of time since his release, Harris can no longer serve a timely notice of claim against the State. *See Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295, ¶ 6 (2007) (citations omitted). Thus, Harris' claim is also statutorily barred by A.R.S. § 12-821.01(A), rendering any attempt to amend it futile. *See Wigglesworth v. Mauldin,* 195 Ariz. 432, 439, ¶¶ 26–27 (App. 1999); *see also Walls v. Ariz. Dep't of Pub. Safety,* 170 Ariz. 591, 597 (App. 1991) (explaining that if the amended pleading could still be defeated, granting leave to amend would be a futile gesture).

¶11 Considering the improper defendants and the absence of a notice of claim, the presiding judge did not err in concluding that Harris failed to state a claim upon which relief may be granted and dismissing the complaint with prejudice.

## CONCLUSION

¶12 We affirm the presiding judge's decision dismissing Harris' complaint with prejudice. As such, all motions filed by Harris in this appeal that remain pending are also hereby denied as moot.



AMY M. WOOD • Clerk of the Court
FILED: AA