NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WILLIAM JOHN CHALMERS, *Plaintiff/Appellant*,

*v.*

EAST VALLEY FIDUCIARY SERVICES, *Defendants/Appellees*.

No. 1 CA-CV 21-0152
FILED 12-2-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-053790
The Honorable Sally Schneider Duncan, Judge

**AFFIRMED**

COUNSEL

S. Alan Cook, PC, Phoenix
By S. Alan Cook
*Counsel for Plaintiff/Appellant*

Jones, Skelton & Hochuli PLC, Phoenix
By J. Gary Linder, Jonathan Paul Barnes, Jr., Kimberly K. Page
*Counsel for Defendants/Appellees Brian J. Theut and Theut & Theut PC*

---

**MEMORANDUM DECISION**

---

Judge David B. Gass delivered the decision of the court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**G A S S**, Judge:

¶1        William John Chalmers appeals from the dismissal of his complaint against attorney Brian J. Theut, Chalmers's court-appointed guardian ad litem (GAL), and Theut's law firm. Because the superior court properly applied judicial immunity, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        In connection with Chalmers's ongoing divorce, the superior court appointed a GAL to protect Chalmers's interests. At that time, Chalmers was incapacitated because of diminished mental capacity. Under Title 14, the superior court subsequently appointed a guardian with health care privileges and a conservator. The superior court consolidated Chalmers' dissolution and probate cases.

¶3        About 14 months after the GAL's original appointment, the superior court determined Chalmers no longer needed a GAL. Chalmers then filed a civil suit asserting the GAL and others committed legal malpractice, conspired to defraud him, breached their fiduciary duties, and engaged in unreasonable conduct. The GAL moved for dismissal under Rule 12(b)(6) of the Arizona Rules of Civil Procedure, arguing Chalmers failed to state a claim upon which relief could be granted. The superior court determined judicial immunity applied and dismissed the case against the GAL with prejudice and included Rule 54(b) finality language. Chalmers timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.A.1.

## ANALYSIS

¶4        This court reviews *de novo* the dismissal of a complaint under Rule 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). "When adjudicating a Rule 12(b)(6) motion to dismiss, Arizona courts look only to the pleading itself and consider the well-pled factual allegations contained therein." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008). This

court will affirm the dismissal only if, as a matter of law, Chalmers is not "entitled to relief under any interpretation of the facts susceptible of proof." *See Fid. Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224, ¶ 4 (1998).

## I.      The scope of this appeal is limited to whether the GAL is protected by judicial immunity.

**¶5**          Chalmers objects to a variety of the GAL's acts, including the GAL's role in Chalmers's divorce settlement and certain resulting tax and credit-bureau consequences, the GAL's association with the forensic psychiatrist, the GAL's role in preserving Chalmers's guardianship and conservatorship, the GAL's role in Chalmers's involuntary hospitalizations, and the GAL's actions related to various professional fees. Chalmers's remaining factual allegations concern the GAL's actions regarding Chalmers's continued need for a guardian or conservator, and relationship to Dr. Levitt. And Chalmers challenges the GAL's legal decision-making throughout. Even so, Chalmers concedes all the GAL's actions occurred during the GAL's appointment. And here we are dealing only with Chalmers's challenge of the superior court's finding judicial immunity protected the GAL's actions.

**¶6**          Chalmers's complaint raises the same issues against the conservator, his lawyers, and his conservator's lawyers. Essentially, Chalmers argues all the professionals acted in their own self-interests rather than in his. Because this appeal arises from the dismissal of Chalmers's claims against the GAL, we lack jurisdiction to address his grievances with East Valley Fiduciary Services and others. *See Jessicah C. v. Dep't of Child Safety*, 248 Ariz. 203, 205, ¶ 8 (App. 2020) (explaining appellate courts should not proceed with an appeal when they lack jurisdiction); *Desert Palm Surgical Grp., P.L.C. v. Petta*, 236 Ariz. 568, 576, ¶ 15 (App. 2015) (explaining appellate courts have an independent duty to examine jurisdiction).

## II.     This court will not consider Chalmers's claim regarding his grant of powers of attorney to his sister.

**¶7**          Chalmers argues the GAL breached a duty by failing to disclose that Chalmers previously granted his powers of attorney to his sister. But during argument on the motion to dismiss the first amended complaint, Chalmers's counsel acknowledged the power of attorney issues were not before the superior court at that time.

**¶8**          This court will not address issues related to Chalmers's claim his sister had his power of attorney because he failed to raise them when this case—including in his first amended complaint—was before the

superior court. *See Regal Homes, Inc. v. CNA Ins.*, 217 Ariz. 159, 171, ¶ 52 (App. 2007) (explaining parties generally cannot raise issues for the first time on appeal); *see also Trantor v. Fredrikson*, 179 Ariz. 299, 300–01 (1994) (litigants cannot raise errors for the first time on appeal).

### III. GALs' actions taken as part of the judicial process are immune.

**¶9**        Chalmers argues the superior court erred when it found judicial immunity protected the GAL's actions and dismissed his first amended complaint. We disagree because the GAL's conduct here falls in line with the purpose of his court appointment—to protect Chalmers's interests.

**¶10**        The superior court may appoint GALs when adult wards are mentally or physically incapacitated and cannot adequately protect their own interests. A.R.S. §§ 14-1408, -5101(3). "In exercising its discretion, the [superior] court has wide latitude to perform its statutory duty to safeguard the well-being of the ward." *In re Guardianship of Kelly*, 184 Ariz. 514, 518 (App. 1996). Judicial immunity protects GALs and other court officials who act under "a court directive related to the judicial process." *Lavit v. Super. Ct.*, 173 Ariz. 96, 99 (App. 1992) (citing *Acevedo v. Pima Cnty. Adult Prob. Dep't*, 142 Ariz. 319, 321 (1984)) (court-appointed psychologist); *see also Widoff v. Wiens*, 202 Ariz. 383, 386, ¶¶ 9, 11 (App. 2002) (GALs); *Brittner v. Lanzilotta*, 246 Ariz. 294, 296, ¶¶ 6–7 (App. 2019) (family court therapeutic interventionalist). Judicial immunity protects Arizona judges from civil liability for judicial acts the judges perform in the exercise of their judicial functions. *Widoff*, 202 Ariz. at 386, ¶ 9. Judicial immunity primarily serves to ensure judges may "exercise their functions independently and without fear of [personal] consequences." *Acevedo*, 142 Ariz. at 321.

**¶11**        Like judges, GALs are entitled to immunity to prevent the "threat of litigation" from undermining the performance of their duties. *Widoff*, 202 Ariz. at 386–87, ¶ 12. The existence of judicial immunity is a question of law, which this court reviews *de novo*. *Id.* at 385–86, ¶ 8.

**¶12**        Chalmers argues even if judicial immunity protects some of the GAL's actions, it should not protect them all. For this proposition Chalmers relies on *Acevedo*. In *Acevedo*, the Arizona Supreme Court addressed whether judicial immunity protected a probation officer from suit for the negligent supervision of a dangerous parolee. 142 Ariz. at 320. The outcome turned on "the nature of the activities performed and the relationship of those activities to the judicial function." *Id.* at 321.

¶13　　　　Chalmers, for instance, argues judicial immunity should not shield the GAL's actions if those actions were quasi-judicial, unreasonable, and taken in bad faith. Arizona courts, however, do not parse out ministerial actions or limit immunity to acts directly related to the judicial process. *See Rasmussen by Mitchell v. Fleming*, 154 Ariz. 207, 222–23 (1987) ("In representing the interests of [a] ward, [a GAL] will perform both procedural and substantive duties."); *Brittner*, 246 Ariz. at 297, ¶ 10 ("[W]e do not parcel out therapeutic service from evaluation and reporting to the court nor do we limit immunity only for services related to the judicial process. To do so is neither practical nor possible."). Because one of the reasons absolute judicial immunity exists is to avoid engaging in discovery, courts also do not limit judicial immunity to cases of negligence or good faith errors. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations omitted).

### A. The GAL's actions were part of the judicial process.

¶14　　　　The GAL argues the superior court acted properly when it dismissed Chalmers's claims because the GAL's conduct was part of the judicial process and, thus, protected by judicial immunity. We agree.

¶15　　　　A GAL is a statutorily created position specifically designed to protect an incapacitated ward's interests in court proceedings. A.R.S. § 14-1408. GALs "assist the court in performing its judicial duties." *Desilva v. Baker*, 208 Ariz. 597, 602, ¶ 18 (App. 2004). In determining whether GALs' actions were made in a judicial capacity, this court looks to the nature of the acts themselves. *See Mireles*, 502 U.S. at 12. GALs' actions are immune if a court orders them and they closely relate to the judicial process or will impact court decisions. *Lavit,* 173 Ariz. at 100–01. Here, the superior court appointed the GAL to protect Chalmers's interests during Chalmers's incapacitation. The GAL, therefore, acted in his Title 14 capacity in court hearings and filings. *See Widoff*, 202 Ariz. at 387, ¶ 14 (explaining GALs' court-appointed conduct, including their participation in a hearing, is protected by judicial immunity).

¶16　　　　As a matter of law, the superior court correctly dismissed Chalmers's complaint against the GAL based on absolute judicial immunity. *See id.* And even if we presume—as we must—the truth of all of Chalmers's factual claims in the first amended complaint, the superior court appropriately dismissed the complaint for failing to state a claim upon which relief could be granted. *See* Rule 12(b)(6).

¶17　　　　Chalmers also argues the superior court erred because it did not specifically address all his tort allegations. But the superior court

addressed those claims when it found judicial immunity applied to the GAL's conduct, barring any tort claims stemming from such conduct.

### B. None of the exceptions to judicial immunity apply.

¶18 Chalmers argues this court should except the GAL's actions from judicial immunity because the GAL committed legal malpractice, acted unreasonably, and breached the GAL's fiduciary duty by acting with malice and in the GAL's own self-interests. Chalmers argues those bad acts are at odds with the judicial process and undeserving of absolute immunity. Because case law does not support Chalmers's position, we disagree.

¶19 The exceptions to absolute judicial immunity are few and none are present here. In *Mireles*, the United States Supreme Court ruled a party may overcome absolute judicial immunity in only two circumstances: (1) when a judge is sued for non-judicial actions or (2) if the contested judicial actions were knowingly "taken in the complete absence of all jurisdiction." 502 U.S. at 11–12; *see also Acevedo,* 142 Ariz. at 321. Allegations of malice, greed, bias, or the encouragement of excessive force will not pierce judicial immunity. *See Mireles,* 502 U.S. at 11; *Green Acres Tr. v. London*, 141 Ariz. 609, 613 (1984) (citation omitted) (ruling lawyers immune from defamation suit because motive, purpose, and reasonableness do not affect immunity); *Burk v. State*, 215 Ariz. 6, 11, ¶ 12 (App. 2007) (ruling judicial immunity protects a court employee who makes a discriminatory recommendation based on employee's bias against father's religion). Though other states provide additional exceptions to judicial immunity, like when a GAL acts as an advocate, Arizona does not because this state has a broader definition of such immunity. *Compare Brittner*, 246 Ariz. at 297, ¶ 10 (explaining this court does not "limit immunity only for services related to the judicial process") *with Collins v. Tabet*, 806 P.2d 40, 51, ¶ 38 (N.M. 1991) (explaining GALs are not entitled to immunity when they are acting as an attorney representing a private interest and are "not assisting the court in the discharge of its judicial duties").

### C. Arizona's ethical rules, Code of Judicial Administration, and probate statutes do not impact judicial immunity.

¶20 Finally, Chalmers argues the GAL's acts go beyond the scope of Title 14 and plainly contravene "the rules and procedures set out by our legislature in the probate code and by our Arizona Supreme Court with respect to the obligations of fiduciaries." Although Chalmers did not squarely raise these rules in his first amended complaint, we exercise our discretion to address them. *See Resol. Tr. Corp. v. City of Scottsdale*, 177 Ariz.

234, 237 (App. 1993). This court reviews *de novo* questions related to statutory interpretation and court rules. *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 544, ¶ 6 (App. 2008).

**¶21**        The GAL's alleged violations of the probate code, the Supreme Court ethical rules, and the Code of Judicial Administration do not change the GAL's immunity. *See, e.g.*, *Burk*, 215 Ariz. at 10, ¶ 11 (explaining judicial immunity applies even if a judicial officer's "action was in error, illegal, done maliciously, or was performed in excess of authority"); *see also Mesnard v. Campagnolo*, 251 Ariz. 244, 249–51, ¶¶ 18, 25–26 (2021) (citation omitted) (whether a legislator "violated House rules, statutory law, or even the state or federal Constitution has no bearing" on whether immunity protected those actions). Accordingly, even if we assume the truth of Chalmers's allegations, the superior court did not err when it dismissed the claims against the GAL.

## COSTS ON APPEAL

**¶22**        Chalmers asks this court to award him costs under ARCAP 21(a) and A.R.S. § 12-341. Because Chalmers did not prevail on appeal, we deny his request. As the prevailing parties, we award the GAL and the GAL's law firm their costs upon compliance with ARCAP 21.

## CONCLUSION

**¶23**        Because the GAL is immune, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

7