NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JUSTIN DWAYNE HILL, *Plaintiff/Appellant*,

*v.*

FRANK W. MOSKOWITZ, *Defendant/Appellee*.

No. 1 CA-CV 21-0371
FILED 3-8-2022

Appeal from the Superior Court in Maricopa County
No. CV2020-003878
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

APPEARANCES

Justin Dwayne Hill, Tucson
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Kimberly D. Chamberlain
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which
Presiding Judge Paul J. McMurdie and Judge Angela K. Paton joined.

**G A S S**, Vice Chief Judge:

¶1          Justin Dwayne Hill appeals the dismissal of his complaint against Judge Frank W. Moskowitz. Because the superior court properly applied judicial immunity, we affirm.

¶2          Judge Moskowitz presided over Hill's criminal jury trial. During the trial, Hill told his attorney he had chest pains. Hill's attorney then told the judge but did not ask to continue the trial. The judge said unless Hill could not proceed, the trial would go on. A short while later, Hill collapsed. The judge adjourned the trial so Hill could receive medical care.

¶3          Hill sued the judge for negligence, intentional emotional distress, and constitutional violations. The judge moved to dismiss, arguing judicial immunity and Hill's failure to comply with the notice-of-claim statute. The superior court granted the motion under judicial immunity and did not reach the notice-of-claim issue. Hill timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.A.1.

¶4          The judge argues the court properly dismissed Hill's case because judicial immunity protected the judge's ruling to proceed with the trial, a judicial act. We agree.

¶5          This court reviews *de novo* the dismissal of a complaint under Arizona Rule of Civil Procedure 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). This court assumes the truth of well-pleaded factual allegations and may look at any referenced exhibits of public records. *Id.* at 356, ¶ 9. This court upholds a dismissal only if Hill is not "entitled to relief under any interpretation of the facts." *Fid. Sec. Life Ins. Co. v. Ariz. Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998).

¶6          Judicial immunity protects judges from civil suits for their judicial acts. *Acevedo v. Pima Cnty. Adult Prob. Dep't*, 142 Ariz. 319, 321 (1984). Judicial immunity ensures judges "exercise their functions with independence and without fear of consequences." *Id.* Plaintiffs can overcome judicial immunity if the judge does not act within the judge's judicial power or acts outside the judge's jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations omitted); *see also Acevedo*, 142 Ariz. at 322.

¶7          Without citing any authority, Hill argues judicial immunity does not control because the judge made a medical, not a judicial, decision. Judges, however, make these decisions during trials because they are

charged with ensuring the orderly conduct of proceedings. *See In re Alexander*, 232 Ariz. 1, 11, ¶ 42 (2013) (citation omitted). Here, the judge's decision to recess or not fell squarely within his judicial authority.

**¶8**       Hill mentions a jurisdictional issue. He does not develop this argument, so we do not address it. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33 (App. 2011).

**¶9**       We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA