NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ROSA FLORES, et al., *Plaintiffs/Appellants*,

*v.*

EDWARD JOHNSON, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0490
FILED 8-4-2022

Appeal from the Superior Court in Maricopa County
No. CV2019-054729
The Honorable Sara J. Agne, Judge

**AFFIRMED**

COUNSEL

Ortega & Ortega, PLLC, Phoenix
By Alane M. Ortega
*Counsel for Plaintiffs/Appellants*

Jennings Strouss & Salmon, PLC, Phoenix
By J. Scott Rhodes, Jimmie W. Pursell, Jr., Kerry A. Hodges
*Counsel for Defendants/Appellees Edward Johnson and Law Office of Ed Johnson, PLLC*

Broening Oberg Woods & Wilson, PC, Phoenix
By Donald Wilson, Jr., Kelley M. Jancaitis
*Counsel for Defendants/Appellees Justin Fernstrom and Law Office of Justin Fernstrom*

Arizona Attorney General's Office, Phoenix
By Deborah L. Garner
*Counsel for Defendant/Appellee State of Arizona*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Chief Judge Kent E. Cattani joined.

---

**P A T O N**, Judge:

**¶1**   Rosa Flores, Gustavo Loya (collectively "Flores"), Ivanna Lopez, and Francisco Lopez (collectively "Lopez"), (altogether "Appellants") appeal the superior court's dismissal of their First Amended Complaint under Arizona Rule of Civil Procedure 41(a)(1)(B) providing that a second voluntary dismissal operates as an adjudication on the merits. Because the claims are time-barred, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**   We review a grant of a motion to dismiss de novo, viewing all well-pled facts as true. *Brittner v. Lanzilotta*, 246 Ariz. 294, 295-96, ¶ 4 (App. 2019) (citation omitted). Appellants filed a complaint in 2018 ("First Complaint") alleging that Johnson and Fernstrom intentionally undermined a prospective adoption by Ivanna Lopez, the children's maternal aunt, while the Department of Child Safety ("DCS") was seeking to terminate the parental rights of the children's mother. They claimed that Johnson, while representing Lopez and without her knowledge, asked the court to dismiss her future adoption hearing by circumventing normal court operating procedures and violating his duty of candor to the court. Appellants specifically alleged that Johnson lied when telling the court that DCS no longer consented to the proposed adoption and did not disclose that his client was unaware of, and did not consent to, the dismissal. They further alleged that Fernstrom, acting as counsel to the foster parents seeking to adopt the children, bypassed ordinary court procedure by filing a petition to adopt and asking the court to set an adoption hearing for the following day.

**¶3**   As Appellants further allege, the superior court granted the petition the next day at the adoption hearing. Appellants moved—and DCS stipulated to—setting aside that adoption, and the court did so. But two years later, the court allowed those same foster parents to adopt the children. We affirmed the dismissal of Flores's later petition to adopt on appeal. *Rosa F. v. Dep't of Child Safety*, 1 CA-JV 19-0392, 2020 WL 5803281 (Ariz. App. Sept. 29, 2020) (mem. decision).

¶4 Meanwhile, on November 6, 2019, Appellants filed a second complaint in the United States District Court of Arizona ("Second Complaint"). It contained a summarized version of the allegations in the First Complaint, including Johnson's alleged malfeasance in asking the juvenile court to dismiss the adoption proceedings, and Fernstrom's alleged untoward cooperation with DCS in assisting his clients' adoption of the children. In addition to negligence, breach of fiduciary duty, and civil conspiracy, Appellants alleged that Johnson and Fernstrom deprived them of their rights under the Arizona Constitution. But Appellants voluntarily moved to dismiss the Second Complaint on November 27, 2019, and subsequently moved to dismiss their First Complaint on June 25, 2020.

¶5 Before moving to dismiss their first two complaints, however, Appellants filed the instant action in superior court on October 22, 2019 ("Instant Complaint"). The Instant Complaint contained essentially identical allegations to the first two complaints: that Johnson asked the superior court to dismiss Flores's petition to adopt the children without his client's knowledge or consent and that Fernstrom improperly colluded with DCS to ensure that his clients could adopt the children. In addition to claims for breach of fiduciary duty, negligence, and civil conspiracy, Appellants claimed that Johnson and Fernstrom violated their state constitutional rights.

¶6 Appellants then filed two identical documents titled "First Amended Complaint" on November 26 and December 3, 2019, in superior court. These documents included largely the same allegations and causes of action in the Instant Complaint but added substantial detail concerning: the fiduciary duties owed to Appellants by Fernstrom and Johnson, statements of law, allegations of specific knowledge, and allegations that Johnson and Fernstrom were sanctioned by the State Bar of Arizona. Although the First Amended Complaint did not include the claim for civil conspiracy, it added claims against Johnson and Fernstrom for intentional infliction of emotional distress ("IIED"), abuse of process, and aiding and abetting a tort.

¶7 Fernstrom filed a motion to dismiss the Instant Complaint, as amended, arguing that the two voluntary dismissals operated as an adjudication on the merits under Rule 41(a)(1)(B) and that claim preclusion barred the Instant Complaint. Johnson filed an additional motion to dismiss, which Fernstrom joined, also arguing that: (1) Rule 41 barred a third complaint against him, (2) the statute of limitations time-barred Appellant's claims, and (3) the complaint otherwise failed to state a claim for relief.

**¶8** The superior court granted the motion to dismiss Johnson and Fernstrom. *See* Ariz. R. Civ. P. 41(a)(1)(B). The court agreed that Appellants were precluded from filing a third complaint after voluntarily dismissing their two prior actions involving essentially the same parties, operative facts, and claims for relief. Although the court declined to resolve the motion on the basis of the applicable statute of limitations, it found that Appellants "possessed a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury as early as May 23, 2017, and no later than October 9, 2017." The court noted Appellants admitted that their state constitutional claims did not apply to Johnson and Fernstrom. The court entered a judgment under Rule 54(b) in favor of Johnson and Fernstrom.

**¶9** Appellants timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

### I. The statute of limitations bars Appellants' Instant Complaint.

**¶10** We will uphold the superior court's disposition for any legally correct reason in the record. *Logerquist v. Danforth*, 188 Ariz. 16, 18 (App. 1996). We review the grant of a motion to dismiss de novo. *Romero v. Hasan*, 241 Ariz. 385, 386, ¶ 6 (App. 2017). The superior court declined to address Johnson and Fernstrom's arguments that Appellants' claims were time-barred under the applicable statute of limitations in its order dismissing Appellants' complaint. But the court found that Appellants' knowledge of the facts was sufficient to support a cause of action no later than October 9, 2017. We review the interpretation of a statute of limitations de novo. *Webster Bank NA v. Mutka*, 250 Ariz. 498, 499, ¶ 6 (App. 2021).

**¶11** Once a plaintiff "knows or, in the exercise of reasonable diligence, should know the facts underlying the cause [of action,]" the statute of limitations begins running. *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588 (1995) (citing 2 Calvin W. Corman, *Limitations of Actions* § 11.1.1 (1991)). In other words, the statute of limitations begins to operate "after an injury occurs and is (or reasonably should have been) discovered." *State v. Ariz. Bd. of Regents*, 253 Ariz. 6, 13, ¶ 26 (2022) (citation omitted).

**¶12** On appeal, Appellants argue that "[a]ll of the Tort Claims arise out of the Appellees' manipulation of the relevant court procedures

and fraud committed on the Superior Court to ensure the failure of the Flores and Lopez petitions." We agree that the manipulation allegation is the basis for Appellants' claims, and thus examine when Appellants became aware of these injuries to determine when the statute of limitations began to run. On de novo review, we agree with the superior court that Appellants knew or should have known of their cause of action on May 23, 2017, and in any event, no later than October 9, 2017.

¶13        In the underlying adoption proceedings, Appellants filed a motion to set aside the Foster Placement's Adoption Order on May 23, 2017. *See generally ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 289, ¶ 7 (App. 2010) (documents not attached to complaint may be considered if they are central to a claim, without converting a motion to dismiss into one for summary judgment). In moving to set aside the first adoption of the children, Appellants necessarily knew about the allegedly wrongful or fraudulent adoption of the children. This motion included a request that the order be set aside on grounds of fraud. It noted that Flores was taken by surprise by the adoption and challenged the adoption on statutory grounds. This motion demonstrated knowledge of the underlying facts giving rise to the claim: that the children were wrongfully adopted while the action by Flores remained pending.

¶14        Moreover, counsel for Appellants filed a motion to compel the testimony of Johnson on October 9, 2017. The motion recited the alleged wrongdoing, including that Johnson while representing the foster family: had scheduled the adoption on short notice, dismissed Lopez's petition without her knowledge or consent, and sought and obtained an expedited hearing for adoption by the foster family. Appellants argued that Johnson and Fernstrom were the only witnesses who could testify as to their knowledge of the respective adoption petitions and "circumvent[ion of] the Clerk of Court and Juvenile Adoptions Unit Processing to achieve an adoption less than one day after filing the Petition to Adopt." The contents of the motion indicated that on the day it was filed Appellants were aware of their injury by Johnson and Fernstrom, even if Appellants did not "know *all* the facts underlying [the] cause of action." *Doe v. Roe*, 191 Ariz. 313, 323, ¶ 32 (1998). Thus, the statute of limitations, at the latest, began running on October 9, 2017.

¶15        Each of the remaining tort claims against Johnson and Fernstrom have a two-year statute of limitations. A.R.S. § 12-542; *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414-15 (9th Cir. 1985) (abuse of process); *Coulter v. Grant Thornton, LLP*, 241 Ariz. 440, 444, ¶ 9 (App. 2017) (breach of fiduciary duty); *Rowland v. Kellogg Brown & Root, Inc.*, 210 Ariz.

530, 532, ¶ 6 (App. 2005) (negligence); *Hansen v. Stoll*, 130 Ariz. 454, 460 (App. 1981) (IIED). The statute of limitations expired no later than October 9, 2019. The Instant Complaint was filed on October 22, 2019. Accordingly, we find that the action is time-barred.

## ATTORNEYS' FEES AND COSTS ON APPEAL

**¶16** Johnson and Fernstrom request their costs on appeal pursuant to A.R.S. § 12-341 and Arizona Rule of Civil Appellate Procedure ("ARCAP") 21. As the prevailing party, we award them their taxable costs upon compliance with ARCAP 21.

**¶17** In their answering brief, Johnson and Fernstrom "reserve the right to pursue" attorneys' fees as a sanction against Appellants for filing a frivolous appeal. We note that this language does not follow best practices concerning a fee request, as parties seeking fees should ask for fees to be awarded rather than reserving the right to pursue them. *See* ARCAP 21(a). In any event, we exercise our discretion and decline to award fees in this matter, including fees requested in motion practice before this court.

## CONCLUSION

**¶18** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA